UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80837-CIV-MARRA/JOHNSON

JOHN ALFEO, individually, and JOHN
ALFEO as Natural Guardian and on
Behalf of Minor Child, ALEXANDRA
ALFEO,

    Plaintiff,

vs.

I-FLOW, LLC, a Delaware corporation,
n/k/a I-Flow, LLC

    Defendant.
_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss Plaintiffs' Request for Punitive Damages and Motion to Strike Plaintiffs' Prayer for Attorneys' Fees (DE 7). This matter is fully briefed and is ripe for review. The Court has carefully considered the motion and is otherwise fully advised in the premises.

### I. Background[1]

This is a products liability action brought against Defendant I-Flow Corporation ("I-Flow") with regard to their product the ON-Q Painbuster pain pump ("pain pump"). The pain pump is "a medical device intended to deliver, via catheter, a continuous dose of pain relief medication directly into the operative site immediately following shoulder surgery." Complaint at ¶ 6. Plaintiffs allege that "[t]he continuous injection of [certain pain medications] over time

---

[1] The facts are taken from Plaintiffs' Complaint and are assumed true for the purposes of Defendant's Motion to Dismiss.

directly into the shoulder joint can cause serious and permanent damage to the cartilage of the should joint and surrounding tissues . . ." Complaint at ¶ 6.  John Alfeo, one of the Plaintiffs in this case, utilized the pain pump and subsequently suffered from degeneration of his shoulder cartilage.  Complaint at ¶¶ 13-15.  Through their Complaint, Plaintiffs seek compensatory damages, costs, and attorneys' fees under theories of strict products liability (Count I), negligence (Count II), Failure to Warn (Count III), and loss of consortium (Count IV).  Complaint at ¶¶ 21-48.  Plaintiffs also seek punitive and other damages under the loss of consortium claim.  Complaint at ¶ 45-48.

Defendant now seeks to dismiss Plaintiffs' request for punitive damages and strike Plaintiffs' prayer for attorneys' fees.

## II.  Legal Standard for Motion Pursuant to Rule 12(b)(6)

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### III. Rule 12(b)(6) Discussion

Defendant's seek to dismiss Plaintiffs' demand for punitive damages on two separate grounds: (1) insufficient pleading; and (2) federal preemption.  Each bases will be addressed independently.

*1. Insufficient Pleading*

"In a diversity action, or in any other lawsuit where state law provides the basis of decision, the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law." Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc., 492 U.S. 257, 278 (1989).  Thus, to survive a motion to dismiss, a claim for punitive damages must be plausible as defined by Florida law.

Under Florida law, "A defendant may be held liable for punitive damages only if the trier of fact, based on clear and convincing evidence, finds that the defendant was personally guilty of intentional misconduct or gross negligence." § 768.72(2), Fla. Stat. (2010).  The Florida statutes also provide that " 'Gross negligence' means that the defendant's conduct was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety, or rights of persons exposed to such conduct." § 768.72(2)(b), Fla. Stat. (2010).

Here, Defendant asserts that "Plaintiffs fail to set forth specific facts that are sufficient to

sustain their request for punitive damages . . ." Motion to Dismiss at p. 7. The Court has reviewed Plaintiffs' Complaint and disagrees. Through their Complaint, Plaintiffs allege actual knowledge of the danger posed by using the pain pump through the reports identified in subsections 20(c) and 20(d) of the Complaint. Plaintiffs further allege that "Although I-Flow had the capacity to use vendors to reach out to all orthopedic surgeons nationally, I-Flow's officers and/or directors chose not to send out any Dear Doctor or Dear Healthcare Professional letters to surgeons or hospitals." Complaint at ¶ 20(f). At least one Florida Court has determined that a product manufacturer's actual knowledge of a danger followed by a failure to warn of that danger supports punitive damages. See Holmes v. Bridgestone/Firestone, Inc., 891 So. 2d 1188, 1191-92 (Fla. 4th DCA 2005) ("We agree with plaintiffs that the proffer reflected facts from which it could be found that Firestone knew about the tread separation, but delayed warning the public in order to protect its own financial interests. Such a finding would support punitive damages.") The Court finds that Plaintiffs have met the pleading requirements articulated in Iqbal and Twombly and dismissal of their claim for punitive damages is not warranted.

2. Preemption

Defendant also asserts "Plaintiffs' request for punitive damages is based on conduct which is regulated by the FDA, and for which Plaintiffs cannot seek private recovery, here." Motion to Dismiss at p. 7. The crux of Defendant's argument is that private actions may not be brought pursuant to the Food, Drug, and Cosmetic Act ("FDCA"). Here, however, Plaintiffs are not bringing a private action pursuant to the FDCA; rather, they are bringing four claims pursuant to Florida common law. Further, the Complaint does not seek to enforce any federal regulation. Accordingly, Plaintiff's are not preempted from seeking recovery and Defendant's Motion to Dismiss is **DENIED**.

### IV. Motion to Strike Attorneys' Fees

Defendant's also seek to strike Plaintiffs' request for attorneys' fees because Plaintiff has failed to allege any statutory or contractual basis that would support such an award. In their Response, Defendant's do not contest the Complaint's failure to set forth a legal basis for attorneys' fees, but they do seek leave to amend their Complaint to cure the deficiencies in their prayer for attorneys' fees. Although the Court is unaware of any statutory basis under which Plaintiffs' could receive attorneys' fees, the Court will nonetheless give Defendant leave to amend the Complaint to articulate such a basis. Accordingly, the Court will **GRANT** Plaintiffs' Motion to Strike Plaintiffs' Prayer for Attorneys' Fees and give Defendant leave to amend the Complaint to articulate a legal basis for an award of attorneys' fees.

### V. Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Plaintiffs' Request for Punitive Damages and Motion to Strike Plaintiffs' Prayer for Attorneys' Fees (DE 7) is **GRANTED IN PART AND DENIED PART**. Defendant's Motion to Dismiss Plaintiff's Request for Punitive Damages is **DENIED**. Defendant's Motion to Strike Attorneys' Fees is **GRANTED**. Plaintiff is given leave ot amend the Complaint to articulate a legal basis for an award of attorneys' fees.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 9th day of February, 2012.

_____
KENNETH A. MARRA
United States District Judge